IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50909
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIANO NELIS RIASCOS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. W-95-CA-195)
- - - - - - - - - -
September 13, 1996
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:*

Mariano Nelis Riascos appeals the denial of his motion for relief pursuant to 28 U.S.C. § 2255. Riascos contends that he was sentenced on materially inaccurate information; that misapplications of the sentencing guidelines are cognizable in § 2255 proceedings; that trial counsel was ineffective; that appellate counsel was ineffective; and that the district court erred by denying his motion without an evidentiary hearing.

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Riascos does not brief his inaccurate-information contention beyond listing it and attempting to incorporate the argument in his district-court motion. Riascos has failed to brief his contention. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Riascos's contention that guideline-application issues are cognizable in § 2255 proceedings is without merit. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Whether counsel failed to investigate Riascos's case; failed to explain relevant conduct or the effect of guidelines; or failed to explain the plea agreement are factual issues. Riascos raises those issues for the first time on appeal. He cannot demonstrate plain error regarding those issues. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

We find no error in the district court's disposition of Riascos's contention that counsel was ineffective for promising him a five-year sentence if he pleaded guilty. Accordingly, we affirm for essentially the reasons given by the district court. *See United States v. Riascos*, No. W-95-CA-159 (W.D. Tex. Nov. 1, 1995).

Riascos lays out his contentions about counsel's alleged ineptitude regarding the aggravating role adjustment and the amount of drugs attributed to Riascos in conclusional fashion. Conclusional allegations are insufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

Riascos does not brief his contention that counsel failed to

2

press his acceptance-of-responsibility contention on appeal beyond merely listing the contention and directing this court to his § 2255 motion. Riascos has failed to brief his contention. *Yohey*, 985 F.2d at 224-25. Riascos's contention that counsel was ineffective for failing to contest his supervised release sentence on appeal is without a factual basis; Riascos was sentenced to five years' supervised release, the minimum term provided in the statute governing his conviction. 21 U.S.C. § 841(b)(1)(A).

Finally, the record in the district court was sufficient for disposition of Riascos's § 2255 motion. The district court need not have held an evidentiary hearing on Riascos's motion. *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

AFFIRMED. *See* FED. R. APP. P. 34(a).